UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Benjamin Ehlinger, IV, | |
| Plaintiff, | |
| v. | Case No. _____ |
| Prysmian Group, | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Benjamin Ehlinger, IV (hereinafter referred to as "Plaintiff") by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1.      Plaintiff initiates this action to redress violations of Prysmian Gourp (hereinafter referred to as "Defendant") of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq*), the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*).

## JURISDICTION AND VENUE

2.      This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.        Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.        Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC.

## PARTIES

6.        The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.        Plaintiff is an adult individual with a primary residence located at 616 East Union Street, Schuylkill Haven, PA 17972.

8.        Defendant is a business entity with a regular place of business located at 1 Tamaqua Blvd., Schuylkill Haven, PA 17972.

9.        At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11.      On or about November 29, 2010, Plaintiff was hired by Defendant as a Cabler.

12.     At all times relevant herein, Plaintiff has suffered from serious health conditions, namely, severe asthma and chronic obstructive pulmonary disease ("COPD"). As a result of his serious health conditions, Plaintiff is substantially limited with respect to several major life activities, including but not limited to breathing.

13.     Despite his serious health conditions, at all times relevant herein, Plaintiff was capable of performing all essential functions of his job with Defendant. However, at times, Plaintiff required time off to treat for his health conditions (a reasonable accommodation).

14.     As a result of his serious health conditions, Plaintiff requested and was approved for intermittent FMLA leave.

15.     On or about July 7, 2017, Plaintiff began experiencing a flare up of his health conditions, and as a result briefly left his work area to catch his breath.

16.     Upon his return from the brief break described in Paragraph 15, Plaintiff was summoned to a meeting with Group Lead Chad Strickland ("Mr. Strickland") and Group Lead Mark Petrich ("Mr. Petrich"). During said meeting, Mr. Strickland and Mr. Petrich asked Plaintiff why he had stepped away from his work area. In response (and because both of them were aware of Plaintiff's intermittent FMLA leave) Plaintiff advised Mr. Strickland and Mr. Petrich that he was having trouble with the health conditions related to his FMLA leave.

17.     Immediately after the meeting described in Paragraph 16, Mr. Strickland instructed Plaintiff to run the machine on which he had been working at its maximum speed. Plaintiff advised that he was not capable of doing so due to the fact that he was still experiencing a flare up of his health condition.

18.     Shortly after the incidents described in Paragraph 16 and Paragraph 17, Plaintiff advised Mr. Petrich that he had to leave for the day and use an FMLA day.

19.     Plaintiff also called out of work for the next day and used an FMLA absence to account for same.

20.     On or about July 10, 2017, Defendant terminated Plaintiff's employment. Defendant's purported basis for terminating Plaintiff's employment was insubordination.

21.     When Plaintiff asked for a detailed explanation of the alleged insubordination, he was advised that he was being terminated for allegedly telling Mr. Strickland that he was refusing to perform my job duties on July 7, 2017.

22.     Plaintiff specifically advised Defendant (both on July 7, 2017 and during termination meeting on July 11, 2017) that the *only* reason he was briefly away from his work station and could not run the machine at maximum speed was because of a flare up of his serious health conditions.

23.     Plaintiff believes, and therefore avers, that Defendant terminated his employment because of his disabilities, request for reasonable accommodations and/or because of his use of intermittent FMLA leave.

**Count I**
**Violations of the ADA**
**(Discrimination, Failure to Accommodate and Retaliation)**

24.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

25.     At all times relevant herein, Plaintiff was a qualified individual with a disability as defined by the ADA.

26.     As described in detail above, Plaintiff requested reasonable accommodations.

27.     Defendant terminated Plaintiff for reasons related to his serious health conditions. Defendant's conduct in this regard constitutes a failure to accommodate and disability-based discrimination.

28.     Within a close temporal proximity of Plaintiff's request for accommodations, he was subjected to an adverse action insofar as Defendant terminated him from employment.

29.     Defendant's purported basis for terminating Plaintiff is that Plaintiff refused to perform his job duties, which is completely untrue.

30.     Defendant terminated Plaintiff for untrue and pretextual reasons.

31.     These actions constitute violations of the ADA.

### Count II
### Violations of the FMLA
### (Retaliation)

32.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

33.     Defendant is an employer under the FMLA, as Defendant is engaged in commerce and/or activities affecting commerce and employed fifty (50) or more employees.

34.     At all times relevant herein, Plaintiff was an FMLA eligible employee as he: 1) worked for Defendant for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to the start of her FMLA leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

35.     Plaintiff exercised his rights under the FMLA, as he requested and was approved for leave arising out of her serious health conditions.

36.     Defendant retaliated against Plaintiff by virtue of its termination of Plaintiff within a close temporal proximity of her FMLA leave.

37.     Defendant retaliated against by Plaintiff because Plaintiff was terminated for untrue and pretextual reasons.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).


Respectfully Submitted,


Christa Levko, Esq.
*Attorney for Plaintiff*
Kraemer, Manes, & Associates
1628 JFK Blvd., Suite 1650
Philadelphia, PA 19103
Direct: (215) 475-3517
Fax: (215) 734-2413
cl@lawkm.com